IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20869
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARMANDO MACIN-HERRERA,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-359-1
- - - - - - - - - -
June 15, 2001

Before WIENER, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Armando Macin-Herrera (Macin) appeals his conviction and
sentence following a guilty plea for illegal reentry following a
deportation.  *See* 8 U.S.C. § 1326.  Macin argues that (1) he
should have received only a two-year sentence, because the
indictment failed to allege as an element of the offense that he
was an aggravated felon; and (2) the indictment was defective
because it failed to allege a general intent mens rea.

Macin acknowledges that his first argument is foreclosed by
the Supreme Court's decision in *Almendarez-Torres v. United*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

*States*, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in light of the decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  *Apprendi* did not overrule *Almendarez-Torres*.  *See Apprendi*, 530 U.S. at 487-90; *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir. 2000), *cert. denied*, 121 S. Ct. 1214 (2001).  Macin's argument is foreclosed.

Macin challenges the alleged mens rea omission for the first time on appeal.  This court has upheld the sufficiency of an indictment that contained substantially identical language to Macin's indictment.  *See United States v. Guzman-Ocampo*, 236 F.3d 233, 239 n.13 (5th Cir. 2000).  Accordingly, this argument is foreclosed as well.  Macin's conviction and sentence are AFFIRMED.